

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

April 15, 1966

Honorable Jim N. Thompson　　　Opinion No. C-660
County Attorney
Lamar County　　　　　　　　　Re:　Whether Lamar County Hos-
Paris, Texas　　　　　　　　　　　pital District has legisla-
　　　　　　　　　　　　　　　　　tive authority to convey
　　　　　　　　　　　　　　　　　real estate to the county
　　　　　　　　　　　　　　　　　on which to construct a
　　　　　　　　　　　　　　　　　building to house various
Dear Mr. Thompson:　　　　　　　welfare agencies.

　　　　Your letter requesting an opinion of this office,
reads, in part, as follows:

　　　　"Article 4494Q was passed by the legisla-
ture which created Lamar County Hospital Dis-
trict. In Section III of said Article, the
commissioners court was bound to execute and
deliver to the District, a written instrument
to convey all property real, personal or mixed
to the District, which, of course, was done.
The situation has arisen now whereby for the
benefit of Lamar County and the Hospital Dis-
trict, a portion of the real property needs to
be conveyed back to Lamar County so that a
building could be constructed to house the
various welfare agencies.

　　　　"Article 4494Q which is a special statute,
does not empower the Lamar County Hospital Dis-
trict to convey real estate. Since this is a
special act of the legislature, I am wondering
if there is any general action of the legislature
or other provision of the law which would be con-
trolling of this special act and from which the
Lamar County Hospital District would have authority
to sell real estate to the commissioners court
(Lamar County) on which to construct said building."

　　　　Section 6 of Article IX of the Texas Constitution
authorized the Legislature to create a Hospital District co-
extensive with Lamar County. The same powers, duties, and
limitations, with minor tax valuation exceptions, were granted

-3190-

Lamar County Hospital District as the provisions set forth in Section 5(a), Article IX. Section 5(a), Article IX provides in part that the Legislature shall provide that title to properties be transferred to the Hospital District.

The Legislature, under Article 4494q, Vernon's Civil Statutes, authorized Lamar County to constitute itself a hospital district for purposes of operating the hospital system previously operated by the county.

The Lamar County Hospital District is a corporate governmental body charged with the power and authority to operate the hospital and hospital system. Bexar County Hospital District v. Crosby, 327 S.W.2d 445 (1959). Section 3 of Article 4494q provides for the conveyance of all hospital property, real, personal or mixed, to the Hospital District. As the Hospital District was created by the Constitution and the Legislature authorized the District to hold title to hospital land conveyed by Lamar County, the Lamar County Hospital District has power and authority granted by the Legislature to administer hospital lands conveyed to the District for hospital purposes. Bexar County Hospital District v. Crosby, supra.

However, in the case of Lower Nueces River Water Supply District v. Cartwright, 274 S.W 2d 199 (Tex.Civ.App. 1954, error ref. n.r.e., at page 207), the San Antonio Court of Civil Appeals stated the general rule applicable to corporate governmental bodies:

> "The Supreme Court has held that districts created for special purposes, such as water control and improvement districts, water supply districts and the like, perform limited rather than general functions when compared to the older types of municipal organizations, such as cities. 'The powers of such districts are measured by the terms of the statutes which authorized their creation, and they can exercise no authority that has not been clearly granted by the legislature.' Tri-City Fresh Water Supply Dist. No. 2 of Harris County v. Mann, 135 Tex. 280, 142 S.W.2d 945, 948. It follows that in determining the corporate powers of such districts, it is necessary to examine in some detail the legislative act and the constitutional basis upon which it rests. . . ."

Hon. Jim N. Thompson, page 3 (C-660)

After extensive review of Sections 5(a) and 6 of Article IX, and Article 4494q, it is our opinion that the Lamar County Hospital District has no authority, under the above provisions or under any existing general statute, to convey land of the Hospital District to Lamar County. All powers of the Lamar County Hospital District are derived from the specific articles of the Constitution set forth above and Article 4494q, said provisions being specifically applicable to the Lamar County Hospital District. General provisions of Article 4494q granting power and authority to the Lamar County Hospital District to manage, control and administer the hospital or hospital system do not authorize the Hospital District to convey hospital land to Lamar County.

## S U M M A R Y

The Lamar County Hospital District has no authority to convey land of the Hospital District to Lamar County.

Very truly yours,

WAGGONER CARR
Attorney General

By:

Gordon Houser
Assistant

GH:mkh:ml

APPROVED:
OPINION COMMITTEE

W. O. Shultz, Chairman
John Banks
Pat Bailey
Ben Harrison

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright